UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| HEIDI CORDERO,<br><br>        Plaintiff,<br><br>v.<br><br>OLSON ASSOCIATES P.C. dba OLSON SHANER; RANDOLPH CHIP SHANER JR.; ROB KOLKMAN; CONSTABLE KOLKMAN LLC; N.A.R. INC.; and JOHN DOES 1-5,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER (DOC. NO. 51)**<br><br>Case No. 2:23-cv-00756<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Heidi Cordero filed this action alleging Defendants collectively engaged in unlawful debt collection practices.[1] Olson Associates, P.C.; Randolph Chip Shaner Jr.; and N.A.R., Inc. (collectively, the Law Firm Defendants) have filed a motion for a protective order (1) prohibiting Ms. Cordero's counsel, Eric Stephenson, from making his own personal recordings of depositions in this case, and (2) requiring Mr. Stephenson to destroy previous deposition recordings he made without the Law Firm Defendants' knowledge.[2] Ms. Cordero opposes the motion, arguing (among other things) the Federal Rules of Civil Procedure do not prohibit her counsel from recording

---

[1] (*See* Compl., Doc. No. 2.)

[2] (Defs. Olson Assocs., P.C., Randolph Chip Shaner, and N.A.R., Inc.'s Mot. for Protective Order (Mot.), Doc. No. 51.)

depositions for his personal use.[3]  Because Rule 30 allows attorneys to make personal recordings after adequate notice, the Law Firm Defendants' motion is granted in part and denied in part.  Mr. Stephenson must destroy all prior recordings made without notice, but he may—after adequate notice—record future depositions for his personal use.

## BACKGROUND

In January 2025, Mr. Stephenson served notices of deposition of Rob Kolkman and Olson Associates.[4]  The notices stated the depositions would "be taken before a certified shorthand reporter and may also be recorded by audio or audio-visual means pursuant to, and for the purposes permitted by, the Federal Rules of Civil Procedure."[5]  The depositions were transcribed by a court reporter, but no official audio or video recording was made.[6]  However, Mr. Stephenson personally recorded the depositions using a "small recording device that he placed on the table next to his laptop."[7]  Mr. Stephenson did not inform opposing counsel he was recording the depositions, and the Law Firm Defendants' counsel, Ronald Price, was unaware Mr. Stephenson was

---

[3] (Mem. in Opp'n to Mot. for Protective Order (Opp'n) 2–8, Doc. No. 57.)

[4] (Mot. 2, Doc. No. 51.)

[5] (Ex. 1 to Mot., Notices of Dep. of Rob Kolkman and Olson Assocs., P.C., Doc. No. 51-1 at 7, 11.)

[6] (Mot. 2–3, Doc. No. 51.)

[7] (*Id.* at 4.)

recording the depositions—Mr. Price "did not recognize the recording device for what it was."[8]

During a later deposition in a different case with the same counsel, the court reporter informed Mr. Price that "Mr. Stephenson was making his own personal recording of the deposition."[9] Counsel then argued over whether Mr. Stephenson could make his own personal recording and, during this conversation, Mr. Price learned Mr. Stephenson had also recorded the Kolkman and Olson Associates depositions.[10] Mr. Price believes "Mr. Stephenson's recording device was recording even during off the record discussions" during the deposition.[11]

The Law Firm Defendants then filed the instant motion, seeking an order (1) prohibiting Mr. Stephenson "from making his own personal recordings of depositions in this case," and (2) requiring Mr. Stephenson to destroy his recordings of the Kolkman and Olson Associates depositions.[12] The Law Firm Defendants argue the Federal Rules of Civil Procedure "do not permit a party or their counsel to make their own personal recordings of a deposition."[13] Instead, they contend, Rule 30 only permits a qualified "officer" to make audio recordings of a deposition, and Rule 28 (which

---

[8] (*Id.*)

[9] (*See id.* at 3.)

[10] (*Id.* at 4.)

[11] (*Id.*)

[12] (*Id.* at 1.)

[13] (*Id.* at 5.)

defines deposition officers) expressly prohibits a party's attorney from being a deposition officer.[14] The Law Firm Defendants also argue that even if an attorney can personally record a deposition, Mr. Stephenson did not provide adequate notice, where Rule 30 requires deposition notices to state "the method for recording the testimony."[15]

 Ms. Cordero raises several arguments in response. First, she argues the Law Firm Defendants "failed to allege any harm, damage, or prejudice."[16] Next, Ms. Cordero argues the Law Firm Defendants "waived their right to object" to the Kolkman and Olson Associates recordings because they did not object during the depositions.[17] Ms. Cordero also argues the work-product doctrine protects the recordings.[18] Further, Ms. Cordero argues "Rule 30 only regulates the official record," but it does not prohibit attorneys from recording depositions for their own personal purposes, such as "aiding memory retention, improving focus during questioning, and enhancing trial preparation."[19] Ms. Cordero also contends Rule 30's notice provision does not apply to personal use recordings—meaning her counsel is not required to provide notice before recording a deposition for personal use.[20] But even if notice is required, Ms. Cordero

---

[14] (*See id.* at 5–7.)

[15] (*See id.* at 5 (quoting Fed. R. Civ. P. 30(b)(3)(A)); *id.* at 7–8.)

[16] (Opp'n 2, Doc. No. 57.)

[17] (*See id.*)

[18] (*See id.* at 8–10.)

[19] (*See id.* at 2–8.)

[20] (*See id.* at 3.)

argues, the deposition notices "clearly alerted the parties" Mr. Stephenson would record the deposition.[21] Relatedly, Ms. Cordero argues the Law Firm Defendants had notice because the parties "could see [Mr. Stephenson's] recording device openly placed on the table."[22]

## LEGAL STANDARDS

Rule 30(b)(3) of the Federal Rules of Civil Procedure governs the method of recording depositions[23] and provides, in relevant part:

> (A) *Method Stated in the Notice.* The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. . . .
>
> (B) *Additional Method.* With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice.[24]

Separately, Rule 30(b)(5) governs the duties of the "officer" before whom a deposition must be taken.[25] Specifically, Rule 30(b)(5)(A) provides that "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed

---

[21] (*Id.*)

[22] (*Id.*)

[23] *See* Fed. R. Civ. P. 30(b)(3) (entitled "*Method of Recording*").

[24] Fed. R. Civ. P. 30(b)(3)(A)–(B).

[25] *See* Fed. R. Civ. P. 30(b)(5) (entitled "*Officer's Duties*").

or designated under Rule 28."[26] Rule 28(c) expressly disqualifies a party's attorney from serving as the deposition officer.[27]

## ANALYSIS

The federal rules do not prohibit counsel from recording a deposition for personal use. But Rule 30 requires counsel to provide adequate notice before doing so. Accordingly, Mr. Stephenson may record future depositions for personal use. However, he must destroy the recordings of the Kolkman and Olson Associates depositions because he failed to give adequate notice before recording them.

The Law Firm Defendants contend Rules 28 and 30 prohibit a party's attorney from recording depositions in any capacity—even if a Rule 28 officer is separately recording or transcribing the testimony.[28] But the vast majority of courts agree the rules require only that a qualified officer create the official, admissible deposition recording or transcript—nothing prohibits counsel from separately recording depositions for personal use, such as trial preparation.[29] (And in the few cases suggesting only a Rule 28 officer

---

[26] Fed. R. Civ. P. 30(b)(5)(A).

[27] *See* Fed. R. Civ. P. 28(c) ("A deposition must not be taken before a person who is any party's relative, employee, or attorney; who is related to or employed by any party's attorney; or who is financially interested in the action.").

[28] (*See* Mot. 5–7, Doc. No. 51.)

[29] *See Alcorn v. City of Chi.*, 336 F.R.D. 440, 444 (N.D. Ill. 2020) (requiring Rule 30 procedures to be followed if "the video recording is to become an official version of a deposition that can be used as evidence," but finding "no harm in allowing a recording to take place simply for use by the attorneys for their own internal trial preparation" if not used as evidence; *Schoolcraft v. City of N.Y.*, 296 F.R.D. 231, 240 (S.D.N.Y. 2013) ("Although the Plaintiff may take video recordings in depositions for his own purposes,

may record a deposition, the acceptability of personal-use recordings was not at issue.)[30]

Indeed, none of the cases the Law Firm Defendants cite support their argument that the rules "do not permit a party or their counsel to make their own personal

---

those recordings taken by counsel will not be admissible."); *Sanders v. Mountain Oasis Cabin Rentals, Inc.*, No. 2:23-CV-83, 2024 U.S. Dist. LEXIS 237832, at *9 n.2 (N.D. Ga. July 19, 2024) (unpublished) (holding counsel's recording cannot serve as the "official" version, but noting "counsel may still retain and use that video recording for their own internal benefit"); *Houseton v. Cnty. of L.A.*, No. CV 23-6887, 2024 U.S. Dist. LEXIS 13832, at *10 (C.D. Cal. Jan. 24, 2024) (unpublished) (holding counsel may record the deposition for personal use so long as the deposition notice "include[s] an unambiguous statement to that effect"); *Burgess v. Town of Wallingford*, No. 3:11-CV-1129, 2012 U.S. Dist. LEXIS 135781, at *48–49 (D. Conn. Sept. 21, 2012) (unpublished) (holding nothing in the rules prevents a party from making "an audio recording [] for the party's personal use in preparing for trial"); *Maranville v. Utah Valley Univ.*, No. 2:11-cv-00958, 2012 U.S. Dist. LEXIS 59617, at *5–6 (D. Utah April 27, 2012) (unpublished) ("[B]ecause an officer will be recording the depositions stenographically and the rules specifically contemplate videotaped depositions, the court concludes that Plaintiff's counsel may videotape the depositions."); *see also Julian v. Lee*, No. 18-10661, 2020 U.S. Dist. LEXIS 248064, at *6–7 (E.D. Mich. July 22, 2020) (unpublished) (noting "the overwhelming majority of courts have reached [the] conclusion" that "in the presence of a qualified officer under Rule 28, a videographer is not subject to the [officer] requirements contained in Rules 28 and 30").

[30] *See Perales v. Town of Cicero*, No. 11 C 2056, 2012 U.S. Dist. LEXIS 30426, at *5–6 (N.D. Ill. Mar. 6, 2012) (unpublished) (holding, without citing any case law, that counsel cannot videotape a deposition even if a Rule 28 officer is also recording it, because "each method of deposition recording must be accompanied by its own separate Rule 28(a) officer"); *C.G. v. Winslow Twp. Bd. of Educ.*, No. 13-6278, 2015 U.S. Dist. LEXIS 78158, at *7–10 (D.N.J. June 17, 2015) (unpublished) (finding no clear error in magistrate judge's telephone ruling that only Rule 28 officers may record a deposition, due to the absence of binding case law on the issue and "the broad deference afforded to a magistrate judge's discovery ruling"); *see also Arenas v. Unified Sch. Dist. No. 223*, No. 15-cv-9359, 2016 U.S. Dist. LEXIS 143338, at *6–11 (D. Kan. Oct. 17, 2016) (unpublished) (granting protective order preventing counsel from videotaping a deposition, based on a local rule specifically requiring video operators to be Rule 28 officers).

recordings of a deposition."[31] In both *Houseton v. County of Los Angeles*[32] and *Sanders v. Mountain Oasis Cabin Rentals, Inc.*,[33] for example, the courts explicitly stated counsel may record a deposition for personal use.[34] And *Raiser v. San Diego County*[35] is inapplicable. In *Raiser*, the plaintiff sought to create official deposition transcripts by transcribing Zoom videoconference recordings himself.[36] No Rule 28 officer independently transcribed the deposition—and the *Raiser* court did not address personal-use recordings. Similarly, in *Kastner v. Intrust Bank*,[37] the plaintiff sought to

---

[31] (Mot. 5, Doc. No. 51 (citing *Houseton*, 2024 U.S. Dist. LEXIS 13832; *Raiser v. San Diego Cnty.*, No.19-cv-0751, 2021 U.S. Dist. LEXIS 128481 (S.D. Cal. July 9, 2021) (unpublished); *Kastner v. Intrust Bank*, No. 10-1012, 2012 U.S. Dist. LEXIS 103852 (D. Kan. July 26, 2012) (unpublished)); *see also* Reply 5, Doc. No. 61 ("[T]he Federal Rules of Civil Procedure plainly require that depositions be recorded by only those individuals who qualify as 'officers' under Rule 28, which specifically excludes attorneys from eligibility." (quoting *Sanders*, 2024 U.S. Dist. LEXIS 237832, at *10)).) The Law Firm Defendants did not provide pin cites for the cases cited in their motion.

[32] 2024 U.S. Dist. LEXIS 13832.

[33] 2024 U.S. Dist. LEXIS 237832.

[34] *See Houseton*, 2024 U.S. Dist. LEXIS 13832, at *10 (noting counsel may "record the deposition for her personal use" if the deposition notice "include[s] an unambiguous statement to that effect"); *Sanders*, 2024 U.S. Dist. LEXIS 237832, at *9 n.2 (finding counsel's deposition recording inadmissible, but noting "Plaintiffs' counsel may still retain and use that video recording for their own internal benefit").

[35] 2021 U.S. Dist. LEXIS 128481.

[36] *Id.* at *17.

[37] 2012 U.S. Dist. LEXIS 103852.

record and transcribe a deposition himself—without a Rule 28 officer independently recording or transcribing.[38]

Every court addressing a personal-use argument has agreed the rules do not prevent an attorney from separately recording depositions for personal use so long as sufficient notice is given and a Rule 28 officer independently records or transcribes the deposition.[39] And the Law Firm Defendants provide no reason why this court should decide otherwise. Accordingly, the Law Firm Defendants' motion is denied to the extent they seek an order prohibiting Ms. Cordero's counsel from recording depositions for his own personal use.

However, the remainder of Ms. Cordero's arguments fail. First, pursuant to Rule 30(b)(3), Mr. Stephenson must provide adequate notice if he intends to record a deposition—even if the recording is for personal use. Ms. Cordero's contention to the contrary[40] is incorrect. Rule 30(b)(3)(A) requires deposition notices to state "the method for recording the testimony,"[41] and courts universally agree this notice requirement

---

[38] *Id.* at *4–5.

[39] *See Alcorn*, 336 F.R.D. at 444; *Schoolcraft*, 296 F.R.D. at 240; *Sanders*, 2024 U.S. Dist. LEXIS 237832, at *9 n.2; *Houseton*, 2024 U.S. Dist. LEXIS 13832, at *10; *Burgess*, 2012 U.S. Dist. LEXIS 135781, at *48–49.

[40] (*See* Opp'n 3, Doc. No. 57 (arguing "[n]othing in Rule 30 requires prior notice of personal use recordings made alongside the official record").)

[41] Fed. R. Civ. P. 30(b)(3)(A).

applies to both official and personal-use recordings.[42]  As to Ms. Cordero's alternative argument that the deposition notices "clearly alerted the parties" that Mr. Stephenson would record the deposition,[43] that is simply untrue.  The notices stated the depositions would "be taken before a certified shorthand reporter and may also be recorded by audio or audio-visual means pursuant to, and for the purposes permitted by, the Federal Rules of Civil Procedure."[44]  The vague statement that the deposition might be recorded "pursuant to, and for the purposes permitted by" the Rules falls well short of an "unambiguous statement"[45] that counsel would independently record the deposition for his own personal use.

---

[42] *See Schoolcraft*, 296 F.R.D. at 240 (finding that because "Plaintiff had not served a Rule 30(b) notice of counsel's intent to videotape . . . Plaintiff failed to provide proper notice required under Fed. R. Civ. P. 30(b)"); *Pioneer Drive, LLC v. Nissan Diesel Am., Inc.*, 262 F.R.D. 552, 555 (D. Mont. 2009) (finding the counsel may videotape a deposition in concert with a stenographer recording it, but "[t]he problem here arises from the ambiguity of the notice"); *Houseton*, 2024 U.S. Dist. LEXIS 13832, at *10 (holding that if counsel wishes to record the deposition for personal use, the deposition notice must "include an unambiguous statement to that effect"); *Warner v. Swepi, LP*, No. 1:19-cv-326, 2023 U.S. Dist. LEXIS 117857, at *11 (W.D. Pa. July 7, 2023) (unpublished) (rejecting the argument that "the notice provisions of Rule 30(b)(3) relate only to the manner of establishing an *official* record, as opposed to an *unofficial* record that is intended only for counsel's personal use"); *Burgess*, 2012 U.S. Dist. LEXIS 135781, at *28 (holding the plaintiff may record depositions for personal use "if he gives *prior notice* to the deponent and other parties in the action of his intention to so record").

[43] (*See* Opp'n 3, Doc. No. 57.)

[44] (Ex. 1 to Mot., Notices of Dep. of Rob Kolkman and Olson Assocs., P.C., Doc. No. 51-1 at 7, 11.)

[45] *See Houseton*, 2024 U.S. Dist. LEXIS 13832, at *10.

Similarly, Ms. Cordero argues the parties had notice because they "could see [Mr. Stephenson's] recording device openly placed on the table."[46] But the mere presence of a recording device does not meet the explicit advance notice requirement under the rules. Moreover, Mr. Price represented that he "did not recognize the recording device for what it was"[47]—and Ms. Cordero provides no reason to doubt Mr. Price's statement. Ms. Cordero's argument that the Law Firm Defendants "waived their right to object" by not objecting during the depositions[48] also fails. It is unsurprising the Law Firm Defendants did not object before or during the depositions where Ms. Cordero did not provide adequate notice of counsel's intent to record them.

Next, Ms. Cordero argues the Law Firm Defendants are unentitled to relief where they failed to allege harm or prejudice in their motion.[49] But Ms. Cordero does not dispute the Law Firm Defendants' assertion that "Mr. Stephenson's recording device was recording even during off the record discussions."[50] The harm in recording off-record discussions without opposing counsel's knowledge is obvious.[51]

---

[46] (*See* Opp'n 2, Doc. No. 57.)

[47] (Mot. 4, Doc. No. 51.)

[48] (*See* Opp'n 3, Doc. No. 57.)

[49] (*See id.* at 2.)

[50] (Mot. 4, Doc. No. 51.)

[51] *See Warner*, 2023 U.S. Dist. LEXIS 117857, at *12 (granting protective order because counsel "should not have made nonconsensual recordings of those parts of the deposition proceedings that were 'off the record'"); *see also Hylton v. Anytime Towing*, No. 11-cv-1039, 2012 U.S. Dist. LEXIS 66693, at *10 (S.D. Cal. May 2, 2012) (unpublished) (ordering the plaintiff to destroy his surreptitious deposition recording

Finally, Ms. Cordero's argument that the work-product doctrine protects the recordings[52] falls flat. "[T]he very fact that defense counsel was present for the depositions at issue would vitiate the work-product privilege."[53] Unsurprisingly, Ms. Cordero "has not cited one case which allows for work-product protection of audio-video recordings from depositions in which one of the parties to the litigation audio-video recorded the deposition."[54]

## CONCLUSION

The Law Firm Defendants' motion[55] is granted in part and denied in part. To the extent the Law Firm Defendants seek an order prohibiting Mr. Stephenson from recording future depositions for personal use, the motion is denied.[56] Conversely, the Law Firm Defendants' request for an order compelling Mr. Stephenson to destroy his previous deposition recordings is granted. Mr. Stephenson is ordered to immediately destroy all personal recordings of the Kolkman and Olson Associates depositions,

---

which "captured off-the-record communications between counsel, which were not intended to be made a part of the record or deposition transcript").

[52] (*See* Opp'n 8–10, Doc. No. 57.)

[53] *O'Boyle v. Sweetapple*, No. 14-cv-81250, 2016 U.S. Dist. LEXIS 92685, at *8–9 (S.D. Fla. June 30, 2016) (unpublished) (holding "the work-product doctrine clearly would not protect" counsel's deposition recordings because opposing counsel was present during the recordings).

[54] *Id.*

[55] (Doc. No. 51.)

[56] As explained above, if Mr. Stephenson seeks to record future depositions for personal use, he must comply with Rule 30(b)(3)'s notice provisions.

including any digital, transcribed, or other copies.  By May 23, 2025, Mr. Stephenson shall file a declaration attesting he has destroyed the recordings and any copies thereof.[57]

DATED this 19th day of May, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[57] Ms. Cordero's request for attorney's fees, (see Opp'n 10, Doc. No. 57,) is denied. Where the motion is granted in part and denied in part, and given the absence of binding authority on the issues addressed herein, the parties shall bear their own expenses.  See Fed. R. Civ. P. 37(a)(5)(C) (providing a court "may" apportion reasonable expenses where a motion for protective order is granted in part and denied in part).